HUDSON BERGEN COUNTY RETAIL LIQUOR STORES ASSO-
CIATION, RESPONDENT-APPELLANT, ALFRED E. DRIS-
COLL, STATE COMMISSIONER OF ALCOHOLIC BEVER-
AGE CONTROL, INTERVENING-RESPONDENT, v. BOARD
OF COMMISSIONERS OF THE CITY OF HOBOKEN,
JOHN NOVAK, SOPHIE BROTMAN, EMIL PFEIFER,
JOHN LENSI AND DANIEL G. MAROTTA, PROSECU-
TORS-RESPONDENTS.

HUDSON BERGEN COUNTY RETAIL LIQUOR STORES ASSO-
CIATION, RESPONDENT-APPELLANT, ALFRED E. DRIS-
COLL, STATE COMMISSIONER OF ALCOHOLIC BEVER-
AGE CONTROL, INTERVENING-RESPONDENT, v. BOARD
OF COMMISSIONERS OF THE CITY OF HOBOKEN,
AND SYDNEY GORDON AND LOUIS GORDON, T/A GOR-
DON BROTHERS, PROSECUTORS-RESPONDENTS.

ANGELO ANTHONY LUPO, AND BOARD OF COMMISSION-
ERS OF THE CITY OF HOBOKEN, PROSECUTORS, v.
HUDSON BERGEN COUNTY RETAIL LIQUOR STORES
ASSOCIATION, A CORPORATION OF THE STATE OF
NEW JERSEY, AND ALFRED E. DRISCOLL, COMMIS-
SIONER OF THE STATE DEPARTMENT OF ALCOHOLIC
BEVERAGE CONTROL, RESPONDENTS.

HUDSON BERGEN COUNTY RETAIL LIQUOR STORES ASSO-
CIATION AND ALFRED E. DRISCOLL, STATE COMMIS-
SIONER OF THE DEPARTMENT OF ALCOHOLIC BEV-
ERAGE CONTROL, DEFENDANTS, v. BOARD OF COM-
MISSIONERS OF THE CITY OF HOBOKEN AND
CHARLES MARINELLI, PROSECUTORS.

HUDSON BERGEN COUNTY RETAIL LIQUOR STORES ASSO-
CIATION AND ALFRED E. DRISCOLL, STATE COMMIS-
SIONER OF THE DEPARTMENT OF ALCOHOLIC BEV-
ERAGE CONTROL, DEFENDANTS, v. BOARD OF COM-
MISSIONERS OF THE CITY OF HOBOKEN AND ROSE
PIZZINO, PROSECUTORS.

Argued May 8, 1946—Decided September 30, 1946.

482

Before Justices PARKER, DONGES and OLIPHANT.

For the prosecutor Board of Commissioners of the City of Hoboken, *John J. Fallon.*

For the individual prosecutors, *Joseph B. McFeely, Anthony P. LaPorta, N. Louis Paladeau, Jr., John F. Lynch, Jr.,* and *Benedict A. Baronio (Abraham J. Slurzberg,* of counsel).

For the respondent-appellant, *Samuel Moskowitz (Nicholas S. Schloeder* and *Samuel J. Davidson,* of counsel).

For the respondent Alfred E. Driscoll, State Commissioner of Alcoholic Beverage Control, *Walter D. Van Riper,* Attorney-General *(Samuel B. Helfand,* Deputy Attorney-General, of counsel).

PER CURIAM.

By these writs the individual prosecutors seek to set aside orders of the State Alcoholic Beverage Control Commissioner reversing orders of the Board of Commissioners of the City of Hoboken granting licenses to the prosecutors to conduct "package liquor stores." There are also involved motions to vacate orders of this court allowing the Commissioner of Alcoholic Beverage Control to intervene in the causes as a respondent, to suppress the brief filed in his behalf and to consolidate briefs. These motions we do not deem necessary to determine in reaching our conclusions on the main issue involved.

The Board of Commissioners of the City of Hoboken, after application made and hearings held, issued licenses to the individual prosecutors to conduct "package liquor stores."

The issuance of these licenses was opposed by the respondent association and it appealed from the action of the Board of Commissioners to the State Commissioner of Alcoholic Beverage Control on the ground that it had abused its discretion in the following particulars: there were ample liquor outlets in the immediate vicinity and in the City of Hoboken and the granting of the licenses was socially undesirable.

All appeals were consolidated and the matter heard *de novo* by the Commissioner. The only party to introduce evidence was the respondent association.

On March 1st, 1946, the State Commissioner of Alcoholic Beverage Control rendered his decision in which he determined that because in the City of Hoboken there was no ordinance limiting the number of licenses on a population basis, that because the "common interest of the general public" of the city was amply served, that the number of licenses in the city had reached a "saturation point," and public necessity and convenience was disregarded, the Board of Commissioners had abused its discretion. The action of the Board was reversed and it was ordered to cancel and declare null and void the licenses.

The authority of the State Commissioner of Alcoholic Beverage Control to act in the premises is derived from *R. S.* 33:1–22 and among the appeals he may hear are "If the other issuing authority shall issue a license, any taxpayer or other aggrieved person opposing the issuance of such license may within thirty days after the issuance of such license appeal to the Commissioner from the action of the issuing authority." Was the Hudson Bergen County Retail Liquor Stores Association a proper party to appeal under the statute? We do not think so. This association is one organized not for pecuniary profit, with its principal office in the City of Union City. Among the objects for which it was formed were that of helping to regulate the liquor business, keeping it on a high plane and in effect endeavoring to maintain monopolies for its members. None of its trustees were residents or taxpayers, apparently, of Hoboken. It not being a resident or taxpayer can it be classed as an "aggrieved person?" It is not engaged in the liquor business in any way. Nowhere in the petitions

of appeal filed by the respondent association is it alleged it was such. To give the Commissioner jurisdiction to entertain the appeals such an allegation or proof was requisite and·the Commissioner was charged with showing in his conclusions this jurisdictional requirement. *Brandon* v. *Montclair,* 125 *N. J. L.* 367. None such appears. Statutory jurisdictional prerequisites cannot be waived, cannot be conferred by consent and the right to object to want of jurisdiction is not lost by acquiescence. *F. W. Woolworth & Co.* v. *Zimmerman,* 13 *N. J. Mis. R.* 505.

We further are of the opinion that the proofs do not show such an abuse of discretion on the part of the Board of Commissioners of Hoboken in issuing the licenses to prosecutors and raising the number of licenses in the city from twenty to twenty-five as to warrant that action being rescinded. The difference of opinion between the City Commissioners and the State Commissioner of Alcoholic Beverage Control as to the propriety of issuing the licenses is not synonymous with abuse of discretion. It is significant that after the issuing of these licenses there was enacted into law a supplement to the Alcoholic Beverage Law limiting plenary retail distribution licenses to one for each 3,000 of population in any municipality. *Pamph. L.* 1946, *ch.* 147. *R. S.* 33:1–12.3. Previous to this enactment such limitation was not state policy by legislative edict.

The order of the Commissioner of Alcoholic Beverage Control reversing the order of the Board of Commissioners of the City of Hoboken in all cases is reversed and set aside, with costs against the Hudson Bergen County Retail Liquor Stores Association.